**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HENRY SCOTT,**

                              **Plaintiff,**

              **v.**                                    **1:05-CV-0686**
                                                        **(GLS\GHL)**

**MIKE McCARTHY, and MADISON**
**COUNTY MENTAL HEALTH,**

                              **Defendants.**[1]
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

HENRY SCOTT
Plaintiff, _Pro Se_
P.O. Box 114
Syracuse, New York 13207

**FOR THE DEFENDANTS:**

**Mike McCarthy:**
KERNAN, KERNAN LAW FIRM          KEVIN G. MARTIN, ESQ.
258 Genesee Street, Suite 600
Utica, New York 13502

**Madison County Health Center:**
PETRONE, PETRONE LAW FIRM        JOHN PETRONE, ESQ.
1624 Genesee Street
Utica, New York 13502

**Gary L. Sharpe**

_____

          [1]William G. Gabor was terminated as a defendant on June 6, 2005.

**U.S. District Judge**
## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pending under Federal Rules of Civil Procedure 12(b)(6) and 4(m) are motions to dismiss by defendants, Mike McCarthy and Madison County Mental Health.  Henry Scott alleges that defendants McCarthy and Madison County Mental Health violated his Fourth and Eighth Amendment rights.  For the reasons that follow, the motions to dismiss are **GRANTED**, and the entire case is **DISMISSED**.

## II. Facts[2]

Scott alleged that defendant McCarthy violated his civil rights when he unlawfully searched his vehicle without a search warrant, threatened him so that he would make a false confession, subjected him to a faulty lineup, and improperly questioned him.  *See Dkt. No. 1.*  Scott alleged that Madison County Mental Health (MCMH) "had the opportunity to assist me with my depression... but decided to let me go through this legal ordeal with racial (Judges, D.A,) * [sic] [and]...failed to inform the court that [I] had a

---

[2]Scott's complaint is nearly incomprehensible.  However, in the interest of justice, and considering that Scott is a *pro se* plaintiff, the court will liberally construe his complaint to allege a claim for an illegal search and seizure in violation of the Fourth Amendment and a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

[nervous breakdown]." *Id.*

## III. <u>Procedural History</u>

On June 1, 2005, Scott filed his complaint pursuant to 42 U.S.C. §
1983 (1996).  *See Dkt. No. 1.*  On March 8, 2006, McCarthy moved to
dismiss Scott's complaint.  *See Dkt. No. 20.*  On March 20, MCMH moved
to dismiss the complaint.  *See Dkt. No. 22.*  Despite the passage of both
due dates, Scott failed to file a response to either motion.  On April 18, the
court ordered Scott to either notify the court and opposing counsel of his
intention not to respond to defendants' motions or to file his elective
response within fourteen days.  *See Dkt. No. 24.*  The deadline has now
expired.  To this date, he has failed to either respond to defendants'
motions or to notify the court of his intention not to respond pursuant to the
court's April 18th order.[3]  *Id.*

---

[3]Local Rule 7.1 states in pertinent part:

Where a properly filed motion is unopposed and the Court determines that the moving
party has met its burden to demonstrate entitlement to the relief requested therein, the
non-moving party's failure to file or serve any papers as required by this Rule shall be
deemed as consent to the granting or denial of the motion, as the case may be, unless
good cause is shown.

Any party who does not intend to oppose a motion, or a movant who does not intend to
pursue a motion, shall promptly notify the court and the other parties of such intention.
Notice should be provided at the earliest practicable date, but in any event no less than
SEVEN CALENDAR DAYS prior to the scheduled return date of the motion, unless for
good cause shown. Failure to comply with this Rule may result in the Court imposing
sanctions.

3

## III.  **Discussion**

**A.     Motion to Dismiss Standard**

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief."  *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted).  "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in

N.D.N.Y. R. 7.1(b)(3).
        "Courts in [the Northern] District [of New York] have found it appropriate to grant a dispositive motion pursuant to Local Rule 7.1(b)(3) based on a *pro se* plaintiff's failure to respond."  *McCarthur v. Carrier Corp.*, 5:01-cv-0011, 2005 U.S. Dist. LEXIS 39711, at *8 (N.D.N.Y. Sept. 30, 2005); *see also Robinson v. Delgado*, 96-cv-169, 1998 U.S. Dist. LEXIS 7903, at *2 (N.D.N.Y. May 22, 1998); *Cotto v. Senkowski*, 95-cv-1733, 1997 U.S. Dist. LEXIS 16462, at *1 (N.D.N.Y. Oct. 23, 1997); *Wilmer v. Torian*, 980 F. Supp. 106, 106-107 (N.D.N.Y. 1997).

4

[the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005)

(citation omitted).

### B.   MCMH's Motion to Dismiss

As stated, Scott avers that MCMH violated his constitutional rights.

MCMH contends that the complaint fails to state a cause of action against it

under § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege: (1) that the defendant was acting under color of state law and (2)

that the defendant deprived him of a constitutional right.  *See Johnson v.*

*Newburgh Enlarged Sch. Dist.,* 239 F.3d 246, 250 (2d Cir. 2001).  MCMH

claims that Scott cannot make out either element.

As an initial matter, it is difficult to ascertain Scott's grounds for relief

against MCMH based solely on the allegations in the complaint.  Moreover,

the court does not have the benefit of any additional submissions from

Scott explaining his legal theory.  However, in the interest of justice and

considering that Scott is a *pro se* plaintiff, the court will address his claim

against MCMH in any event.

MCMH first argues that Scott cannot satisfy the first prong of a §

1983 action, i.e., that MCMH was acting under color of state law.  Civil

rights law provides a cause of action to individuals who have been deprived

by government officials acting under color of law "of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Johnson,* 239 F.3d at 250.

MCMH claims that Scott must allege that he was an inmate at the time he was treated at MCMH. At this juncture, it is unclear whether Scott was an inmate during the relevant time period. However, the court will construe the complaint in the light most favorable to Scott and presume that he was an inmate while he was treated by MCMH.

Applying the most liberal construction to the allegations in his complaint, the court construes Scott's claim against MCMH as a claim for deliberate indifference to his serious medical needs. Nevertheless, the complaint fails to state a claim against MCMH under the second prong of the § 1983 analysis. "[T]o establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (citation omitted). The first prong of this claim is objective (serious medical need), while the second prong (deliberate indifference) is subjective. *See Evering v. Rielly*, 98-CV-6718, 2001 U.S. Dist. LEXIS 15549, at *29 (S.D.N.Y. Sept. 28,

6

2001) (citation omitted).   The second prong is satisfied when a plaintiff demonstrates that the defendant's actions entail something more than mere negligence.  *See id.* at 33.  The plaintiff must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs, and he must show that the defendant "knows of and disregards an excessive risk to inmate health or safety[.]..."  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted).

Presuming without deciding that Scott's medical condition is objectively serious, Scott has not sufficiently pleaded facts satisfying the second prong of a claim for deliberate indifference to his serious medical needs.  He has not claimed that MCMH acted with the requisite state of mind.  Accordingly, MCMH's motion to dismiss is **GRANTED** and Scott's claim against MCMH is **DISMISSED**.

## C.   McCarthy's Motion to Dismiss

Scott contends that McCarthy did not have probable cause to arrest him.  In his motion papers, McCarthy states, "[i]t is inferable [sic] from the face of the [c]omplaint that the [p]laintiff has been convicted of some crime or crimes."  *Dkt. No. 20.*  However, he failed to set out facts sufficient to

7

resolve the Fourth Amendment issue.[4]  Instead, McCarthy argues that

Scott's allegations fail to state a claim against him.  In *Heck v. Humphrey*,

the court held that the:

> ...hoary principle that civil tort actions are not appropriate
> vehicles for challenging the validity of outstanding criminal
> judgments applies to § 1983 damages actions that necessarily
> require the plaintiff to prove the unlawfulness of his conviction
> or confinement, just as it has always applied to actions for
> malicious prosecution.

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  In other words, a civil claim

under § 1983 was not meant to permit a collateral attack on a criminal

conviction.  Moreover, Scott "must prove that the conviction or sentence

has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas

corpus[.]..."  *Id.* at 486-87.

    To succeed on his argument that Scott failed to state a claim against

him, McCarthy could have filed an affidavit and/or a declaration specifying

what precisely occurred and whether a conviction has or has not been

invalidated.  In demonstrating, either on the instant motion or on a future

---

[4]McCarthy's conclusory statement that Scott had been convicted of a crime or crimes is insufficient to prove that there was no Fourth Amendment violation.  He must further demonstrate to the court that Scott's conviction has not been invalidated.

motion for summary judgment, through factual affidavits and/or declarations that Scott's conviction has not been invalidated, *Heck* may very well bar Scott's claim against McCarthy.

Scott alleges that McCarthy violated his constitutional rights when he searched him without a warrant, forced him to confess, subjected him to a faulty lineup, and improperly questioned him. McCarthy's arguments to the contrary may have legal merit. However, at this juncture, without more information, the court cannot determine whether Scott's conviction has been invalidated and thus whether he has stated a claim for relief against McCarthy.

On the instant motion to dismiss, McCarthy and the court must construe the allegations in the complaint in the light most favorable to Scott.[5] In doing so, McCarthy has failed to set out facts sufficient to resolve the Fourth Amendment issue. More precisely, McCarthy has not demonstrated to the court that Scott was in fact arrested and that his conviction has not be invalidated or overturned. Accordingly, construing the facts in the light most favorable to Scott, McCarthy's motion to dismiss

---

[5]As previously mentioned, Scott's complaint is not a model of clarity. Nevertheless, accepting as true Scott's allegation that he was searched without probable cause, it may well be he has a viable cause of action against McCarthy.

is **DENIED** with leave to renew.[6]

WHEREFORE, for the foregoing reasons, it is hereby

**ORDERED** that McCarthy's motion to dismiss is **DENIED** with leave to renew, and it is further

**ORDERED** that, should McCarthy renew his motion or move for summary judgment, he provide the court with an affidavit and/or declaration establishing whether Scott's conviction has been overturned, and it is further

**ORDERED** that MCMH's motion to dismiss is **GRANTED**, and it is further

**ORDERED** that Scott's claim against MCMH is **DISMISSED**, and it is further

**ORDERED** that Scott's claim against McCarthy not be dismissed on the ground that McCarthy was served outside of the timeframe established by Federal Rule of Civil Procedure 4(m), and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order

---

[6]McCarthy also moves to dismiss the complaint under Federal Rule of Civil Procedure 4(m). He claims that service was not effectuated within the appropriate time frame mandated by FRCP 4(m). The court grants leniency to *pro se* plaintiffs like Scott and will not dismiss Scott's claim against McCarthy on this ground since it appears he was properly served, even if outside of the statutory time frame.

to the parties.

**IT IS SO ORDERED.**

July 11, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge