**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**HENRY SCOTT,**

                **Plaintiff,**

        **v.**                              **1:05-CV-0686
                                            (GLS/GHL)**

**MIKE McCARTHY,**

                **Defendant.**[1]
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

HENRY SCOTT
Plaintiff, *Pro Se*
P.O. Box 114
Syracuse, New York 13207

**FOR THE DEFENDANT:**

KERNAN, KERNAN LAW FIRM    KEVIN G. MARTIN, ESQ.
258 Genesee Street, Suite 600
Utica, New York 13502

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

---

[1] William G. Gabor was terminated as a defendant on June 6, 2005. Madison County Mental Health was terminated on July 11, 2006.

Pending under Federal Rule of Civil Procedure 12(b)(6) is a motion to dismiss by defendant Mike McCarthy. Henry Scott alleges that defendant McCarthy violated his Fourth Amendment rights when he arrested him without probable cause. For the reasons that follow, the motion to dismiss is granted, and the complaint is dismissed.

## II. Facts

Scott alleged that defendant McCarthy violated his civil rights when he unlawfully searched his vehicle without a search warrant, threatened him so that he would make a false confession, subjected him to a faulty lineup, and improperly questioned him. *See Dkt. No. 1*.

## III. Procedural History

On June 1, 2005, Scott filed his complaint pursuant to 42 U.S.C. § 1983. *See Dkt. No. 1.* On March 8, 2006, McCarthy moved to dismiss Scott's complaint. *See Dkt. No. 20.* The court denied McCarthy's motion with leave to renew because he failed to provide the court with sufficient facts to support his claim. *See Dkt. No. 25.* On August 16, McCarthy filed his second motion to dismiss. *See Dkt. No. 26.* Despite the passage of the due date, Scott has failed to file a response to the motion. On September 21, the court ordered Scott to either notify the court and

opposing counsel of his intention not to respond to defendant's motion or to file his elective response within fourteen days. *See* Dkt. No. 27. The deadline has now expired. To this date, he has failed to respond to defendant's motion or to notify the court of his intention not to respond pursuant to the court's order.

## IV. Discussion

### A. Motion to Dismiss Standard

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted). "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts

alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

**B.     McCarthy's Motion to Dismiss**[2]

In his renewed motion, McCarthy maintains that Scott's complaint fails to state a cause of action.  More specifically, McCarthy argues that Scott cannot now bring a § 1983 action to challenge his arrest since it resulted in a valid conviction.

Under the Fourth Amendment, a warrantless search and subsequent arrest is proper if the arresting officer had probable cause.  *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "[T]he presumption of probable cause arising from a conviction can be rebutted only by showing that the conviction had been obtained by some type of fraud[.]" *See Heck v. Humphrey*, 512 U.S. 477, 486 n.4 (1994).  In *Heck*, the court held that:

> ...the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for

---

[2]In denying McCarthy's first motion to dismiss, the court held that McCarthy's conclusory statement that Scott had been convicted of a crime or crimes was insufficient to prove that there was no Fourth Amendment violation.  The court further noted that he must demonstrate that Scott's conviction has not been invalidated.

4

      malicious prosecution.

*Heck,* 512 U.S. at 486.  In other words, a civil claim under § 1983 was not meant to permit a collateral attack on a criminal conviction.  Moreover, Scott "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]..."  *Id.* at 486-87.

    Here, McCarthy has produced a certificate of conviction, establishing that Scott was validly convicted of burglary in the third degree on April 8, 2005 in Madison County.  *See Dkt. No. 26, Ex. 2.*  Scott entered into a plea bargain and pled guilty, waiving his opportunity to appeal his conviction as a matter of law.  Additionally, there is no evidence on record demonstrating that his conviction was reversed or subject to any further review.  At this juncture, Scott cannot use § 1983 to challenge McCarthy's conduct unless he can show that the conviction itself was invalid.  *See Heck,* 512 U.S. at 486.  Since he has failed to do so, the conviction is presumably valid, and McCarthy had probable cause to make the arrest.  Therefore, Scott's claim against McCarthy is barred by *Heck*.  Accordingly, Scott's complaint is dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that McCarthy's motion to dismiss is **GRANTED** and Scott's complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

May 7, 2007
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge